**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **RANCE DUNBAR**<br>**LA. DOC #468080** | **CIVIL ACTION NO. 09-1676** |
| **VS.** | **SECTION P** |
| | **CHIEF JUDGE JAMES** |
| **FRANKLIN PARISH DETENTION CENTER, ET AL.** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Rance Dubar, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 22, 2009. When he filed the complaint, plaintiff was an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He was incarcerated at the Franklin Parish Detention Center, Winnsboro, Louisiana. On December 21, 2009, the undersigned completed an initial review pursuant to 28 U.S.C. §1915 and issued an order directing plaintiff to amend his complaint. [Doc. 6] That order was mailed to plaintiff at the last address he supplied, however, on December 28, 2009, the order was returned as undeliverable by the United States Postal Service. [Doc. 7]

***Law and Analysis***

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v.*

*Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the clerk of court's correspondence was returned indicating that plaintiff is no longer at the address he originally provided. More than 90 days have elapsed since plaintiff last contacted the Court. [Doc 5]

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, February 11, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE